UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JAMES K. FIANO,

    Plaintiff,

v.

NATIONAL ENTERPRISE SYSTEMS, INC.,

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2.    Regarding the TCPA claim, this Court has jurisdiction under 28 U.S.C. §§1331. *Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740 (U.S. 2012); 2012 U.S. LEXIS 906 (U.S. 2012). Regarding the FDCPA claim, this Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and because Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, JAMES K. FIANO, is a natural person and a citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, NATIONAL ENTERPRISE SYSTEMS, INC., ("NES") is an Ohio corporation and citizen of the State of Ohio with its principal place of business at 29125 Solon Road, Solon, Ohio 44139.

5. Defendant is registered with the Florida Department of State Division of Corporations as a foreign corporation. Its registered agent for service of process is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

6. Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

## FACTUAL ALLEGATIONS

7. Defendant, or others acting on its behalf, began placing telephone calls to Plaintiff's cellular telephone in April or May 2016 which continued up to approximately November 2016.

8. Plaintiff received at least 50 telephone calls from Defendant.

9. None of the calls disclosed to Plaintiff the identity of the person allegedly obligated.

10. Upon receipt of the calls, Plaintiff believed Defendant was seeking to collect a debt from him.

11. Plaintiff's privacy and seclusion were invaded when Defendant placed such calls to him.

12. On July 12, 2017, Plaintiff telephoned Defendant to inquire as to the reason for Defendant's calls.

13. Defendant informed Plaintiff that it was calling for a person that is his former neighbor.

14. Plaintiff previously sued Defendant for calling his cellular telephone to collect a debt regarding his former neighbor. *Fiano v National Enterprise Systems, Inc.*, Case No.: 15-60176, Southern District of Florida.

15. Because of the prior suit, Defendant knows Plaintiff is represented by counsel regarding this matter.

16. Plaintiff has standing to sue Defendant for calls intended to collect a debt from another person:

> Furthermore, because the FDCPA is designed to protect consumers, it is liberally construed to effect its purpose. *Ramirez v. Apex Fin. Mgmt., LLC*, 567 F. Supp. 2d 1035, 1040 (N.D. Ill. 2008) (citing *Ross v. Commercial Fin. Serv., Inc.,* 31 F. Supp. 2d 1077, 1079 (N.D. Ill. 1999) (internal citations omitted)). Moreover, as Plaintiff points out, the FDCPA is analyzed from the "least sophisticated consumer's" perspective. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172-75 (11th Cir. 1985).

*Drossin v. Nat'l Action Fin. Servs.,* 255 F.R.D. 608 * (S.D. Fla. Feb. 2, 2009)

17. On some of the calls, Plaintiff heard "dead air," that is no voice at all.

18. "Dead air" calls are indicative of the use of an automatic telephone dialing system.

19. Defendant, or others acting on its behalf, placed telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or pre-recorded voice.

3

20. Defendant willfully or knowingly violated the TCPA.

21. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

## COUNT I
## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS USING A PRE-RECORDED OR ARTIFICIAL VOICE

22. Plaintiff incorporates Paragraphs 1 through 21.

23. Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automated telephone dialing system in placing at least 50 telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented seeking a person who was not the subscriber to the cellular service, in violation of 15 U.S.C §1692d. *Clarke v. Weltman, Wienberg & Reis, Co., L.P.A.,* 2010 U.S. Dist. LEXIS 71344 (S.D. Fla. July 15, 2010).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL

24. Plaintiff incorporates Paragraphs 1 through 21.

25. Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff incorporates Paragraphs 1 through 21.

27. Defendant, NES, or others acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. a declaration that Defendant calls violate the TCPA;

    c. a permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

    DONALD A. YARBROUGH, ESQ.
    Attorney for Plaintiff

        Post Office Box 11842
        Ft. Lauderdale, FL 33339
        Telephone: 954-537-2000
        Facsimile: 954-566-2235
        don@donyarbrough.com


By: s/ Donald A. Yarbrough
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658